OPINION
{¶ 1} James J. Coran, Jr. appeals from his conviction of possession of crack cocaine in an amount exceeding 25 grams but less than 100 grams in violation of R.C. 2925.11, a first degree felony.
 {¶ 2} Coran was also originally indicted for four counts of trafficking in cocaine and marijuana, two counts of possession of a criminal tool, and one count of drug possession. These counts were dismissed pursuant to plea negotiations in return for Coran's agreement to plead guilty to the drug possession charge. Coran was referred for a pre-sentence investigation. In the report made to the court, the Clark County Adult Probation Department investigator noted that Coran was arrested on drug trafficking warrants at his home on May 14, 2003. Police recovered 31 grams of crack cocaine on Coran's person and several baggies of marijuana totaling 127 grams were found on top of a dresser in Coran's bedroom. The drug trafficking warrants related to Coran's sale of a gram of crack cocaine to a police informant on December 17, 2002 and sales 1.11 grams of crack to an informant on December 27, 2002, and 1.32 grams of crack cocaine to an informant on January 9, 2003. The trial court sentenced Coran to a definite term of nine years. In imposing this sentence, the trial court found that Coran's crime was "for hire or organized crime." The court also imposed a mandatory fine of $15,000 upon Coran and ordered the $1271.00 found on him at the time of his arrest forfeited.
 {¶ 3} In a single assignment of error, Coran argues that the trial court erred in finding that the offense he committed was "part of an organizational activity" as provided in R.C.2929.12(B)(7).
 {¶ 4} Coran argues that the trial court improperly considered the charges which were dismissed pursuant to plea negotiations. He also contends that "organized criminal activity" requires a trial court finding that there were multiple participants to his drug possession charge and there was no evidence presented of that in this case.
 {¶ 5} The State argues that we should overrule Coran's assignment because Coran had no right to appeal the sentence imposed upon him. He also contends that Coran has no right to pursue a discretionary appeal either. The State also argues that courts have recognized that large quantities of drugs, coupled with significant cash, is indicative of organized criminal activity.
 {¶ 6} R.C. 2953.08(A)(4) provides that a criminal defendant may appeal as a matter of right a sentence if the sentence is contrary to law.
 {¶ 7} In State v. Shryock (April 1, 1997), Ham. App. C-961111, the Hamilton County Court of Appeals found that there was insufficient evidence in the record to support the trial court's imposition of a maximum sentence for the defendant's commission of the fifth degree felony of vandalism based on the court's finding the offense was committed as "part of an organized criminal activity" within the meaning of R.C.2929.13(B)(1)(e).
 {¶ 8} In Shryock, the defendant entered a plea of guilty to vandalism and admitted he acted as a "lookout" while his juvenile companion broke windows at a local high school. Judge Gorman wrote on behalf of the court of appeals:
 {¶ 9} "Initially, we note that what may appear to be an internal contradiction in AmSub.S.B. 2, regarding a defendant's right to appeal, can be rationalized when R.C. 2953.08(A), (B), and (G) are read in pari materia. Under subsection (A)(2), a defendant is not entitled to appeal, as a matter of right, a prison term imposed for conviction of a fifth-degree felony if the trial judge, as here, specifies the application to the defendant of one or more of the eight factors of 2929.13(B)(1).See Anderson's Ohio Criminal Practice Procedure (1996), Senate Bill 2 Outline, Section IX. However, under subsection (A)(4), the defendant may appeal, as a matter of right, a prison term imposed for a fifth-degree felony if it is contrary to law.Id. Furthermore, R.C. 2953.08(G)(1)(b) provides that the sentencing court's finding of one of the factors in R.C.2929.13(B)(1)(a) through (h) is appealable when the basis is insufficient in the record. The essence of the test for sufficiency is adequacy-which is a question of law. State v.Tompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.
 {¶ 10} "Under pre-July 1, 1996, sentencing provisions, the sentencing judge was deemed in the best position to evaluate the appropriate sentence from the defendant's record, demeanor, remorse, and attitude. Therefore, sentencing decisions were generally subjected to an abuse-of-discretion standard, and appellate courts rarely disturbed a sentence imposed within statutory limits. AmSub.S.B. 2 and AmSub.S.B. 269 have changed that, however, by providing for sentence review by appellate courts. Although appellate review of the sentence does not contemplate a de novo appeal, `abuse of discretion' is no longer the standard of review for sentences. As appellate decisions are to be the new benchmarks for sentencing consistency, if the reviewing court `clearly and convincingly' finds insufficient the trial judge's basis for imposing a prison term for a fifth-degree felony, it must vacate the sentence and exercise one of the appellate options provided by R.C.2953.08(G)(1)(1)(b). See Anderson's Ohio Criminal Practice 
Procedure (1996), Senate Bill 2 Outline, Section IX.
 {¶ 11} "Turning, then, to the particular issue presented by this case, we note that R.C. Chapter 2929 does not define `organized criminal activity.' `Organizational criminal liability' is defined in R.C. 2901.23, but that definition relates to a legal entity such as a corporation, partnership, or joint venture. Both Shryock and the State have cited Griffin 
Katz, Ohio Felony Sentencing Law (1996-1997 Ed.), Text 4.15, for the proposition that the defining characteristic of organized criminal activity is its multiple number of participants and their `planned utilization,' thus making it more of a risk to the public order than random activity carried out by a single individual. The state argues that since Shryock acted as a `lookout' for his colleague, this alone is sufficient evidence of `a planned utilization of participants to engage in an organized criminal activity.'
 {¶ 12} "We disagree. Simply because two or more people coordinate their criminal conduct does not, ipso facto, make their conduct `organized criminal activity.' As the state concedes, the determination of whether conduct constitutes `organized criminal activity' must be made on a case-by-case basis. The facts of this case, however, do not warrant such a finding. A fair reading of the record does not suggest that Shryock's conduct with his juvenile partner was part of a larger, well-organized conspiracy, or that it was committed for hire or for profit. As Shryock is correct to point out, the offense of vandalism is not included in the definition of `corrupt activity' in R.C. 2923.21(E), which the trial court referred to in assessing the circumstances of the offense in light of R.C.2929.13(B)(1)(e).
 {¶ 13} "In sum, from the statement of agreed facts in the record, we clearly and convincingly find that there was insufficient evidence to support the sentencing judge's finding that the conduct was part of an organized criminal activity posing a greater risk to the public because of its organized nature as opposed to the impulsive act of a few individuals bent on the senseless destruction of public property. This conclusion, we believe, is entirely in keeping with the rule of construction in R.C. 2901.04 that penalties `shall be strictly construed against the state, and liberally construed in favor of the accused."
 {¶ 14} Courts have frequently regarded participation in drug trafficking as being "part of an organized criminal activity." InState v. Martinez, 2002-Ohio-735, 2002 WL 255499, (Ohio Ct.App. 6th Dist.) the court noted that drug trafficking by its very nature is part of an organized criminal activity in that the seller must obtain the drugs from a supplier and is only one link in a long chain of illegal activity. Also the court noted that R.C. 177.01(E)(1) defines "organized criminal activity" as "conspiracy to commit one or more violations of section 2925.03
of the Revised Code. In Martinez, the defendant pled guilty to four counts of trafficking in marijuana in violation of R.C.2925.03(A). The appellant admitted he bought drugs from three people and sold drugs to five people over a five year period. Police confiscated 9.5 kilograms of marijuana from the defendant's home after police made a controlled buy from him.
 {¶ 15} In State v. King, 1998 WL 484135, (Ohio Ct.App. 6th Dist.) the appellate court agreed with the sentencing court that an offender who pled guilty to trafficking in a quantity of heroin constituting a second degree felony was "part of an organized criminal activity" even though there seemed to be no specific evidence of the nature of the organizing. In State v.Jones, 2000 WL 376385 (Ohio Ct.App. 6th Dist.) the same district appellate court found that "organized criminal activity" was demonstrated by the controlled buy at appellant's residence, the recovery of the $40 in buy money, and the recovery of a handgun.
 {¶ 16} The Eleventh District Court of Appeals distinguishedMartinez in a case where the defendant was convicted of selling small amounts of crack cocaine, felonies of the fourth degree.State v. Eckliffe, 2002 WL 3182653 (Ohio App. 11th Dist.). The court found that the trial court erred in finding that the appellant's conduct was "part of an organized criminal activity." Judge Ford wrote on behalf of the court.
 {¶ 17} "Griffin and Katz, supra, at 61, have noted that `it would seem that only when an essential element of the offense that is also a listed factor under [R.C.] 2929.12(B) ispresent to a higher degree than normal should the presence of [that] factor increase the penalty.' (Emphasis added.) Because virtually every street level drug deal involves some element of organized criminal activity, we presume that the legislature considered the element of organized criminal activity inherent in trafficking in cocaine when it determined that said offense was a felony of the fifth degree. We agree with the Sixth Appellate District that, by its very nature, trafficking in cocaine denotes participation in organized criminal activity. Nevertheless, we determine that the trial court should make findings that support a conclusion that a particular trafficker's involvement in organized criminal activity is greater than normal for someone engaged in the street sale of illicit drugs. It is inappropriate for the court to find that an offender's participation in organized criminal activity inherently involved in any level of trafficking would be sufficient to make his offense more serious than normal.
 {¶ 18} "Applying the foregoing analysis to the facts of the case at hand, there is nothing in the record in this case that suggests that appellant's participation in organized criminal activity was any greater than that inherent in the street trafficking of cocaine. Appellant appears to have acted independently without accomplices. Also, the amount of cocaine involved was relatively small. A streetwise commentator might well describe him as a tadpole among the sharks, which constitute the hard core of organized crime."
 {¶ 19} Judge Ford does not offer any suggestions as to how trial courts are to separate the tadpoles from the sharks. It seems reasonably clear that "organized criminal activity" as found in R.C. 2929.13(B)(1)(e) has a different meaning than organized criminal enterprises as contemplated by R.C. 2923.32
(Ohio's RICO statute). Clearly, the trial court could have concluded from the presentence investigation that Coran's conduct was not random activity carried out by a single individual.
 {¶ 20} We believe the facts in this case closely mirror those in State v. Martinez, supra, wherein the appellate court found sufficient evidence to support the trial court's sentencing finding of "organized criminal activity."
 {¶ 21} Finally we disagree with the State that Coran could not appeal the sentence imposed by the trial court. He contended the trial court's sentence was "contrary to law" because there was insufficient evidence to support the trial court's finding. Pursuant to R.C. 2953.08, Coran could pursue his appeal of right. Having found appellant's assignment to be without merit, Coran's judgment of conviction will be Affirmed.
Grady, J., and Young, J., concur.