OPINION
{¶ 1} Defendant-appellant, Margaret Jones, appeals her conviction and sentence on drug charges from the Butler County Court of Common Pleas.
 {¶ 2} Appellant was indicted on two drug offenses after she allegedly sold oxycodone to a confidential informant ("CI") in the parking lot of fast-food restaurant within 1,000 feet of the boundaries of a school premises.
 {¶ 3} Appellant's charges were tried before a jury. The CI who participated in the drug sale did not testify at trial. The state's case relied upon the testimony of an undercover officer who testified that he observed the drug transaction.
 {¶ 4} The undercover officer testified that he photocopied $200 in cash and gave the money to the CI, drove the CI to a pre-arranged location, observed the CI walk over to the window of appellant's vehicle and count out $110 and hand it to appellant, whereby appellant proceeded to count out pills and give them to the CI. The CI returned to the officer's vehicle and handed the officer a pill bottle containing pills. No arrests were made that day. The pills were later identified by lab analysis as oxycodone, a Schedule II drug.
 {¶ 5} The jury found appellant guilty of aggravated trafficking in drugs under R.C. 2925.03, and permitting drug abuse under R.C. 2925.13. Appellant was sentenced to three years in prison. She presents three assignments of error, which we will address out of order for ease of discussion.
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "The Defendant-Appellant received the ineffective assistance of counsel."
 {¶ 8} In order to demonstrate constitutionally ineffective assistance of counsel, a criminal defendant must show that his counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington (1984), 466 U.S. 668,687-688, 104 S.Ct. 2052, and that there is a reasonable probability that but for his counsel's deficient performance, the outcome of his trial would have been different. Id. at 693-694. Appellant must overcome the presumption that the challenged action might be considered sound trial strategy. Id. at 689. When addressing an ineffective assistance of counsel claim, the reviewing court should not consider what, in hindsight, may have been a more appropriate course of action. State v. Smith,
Butler App. No. CA2004-02-039, 2005-Ohio-63, at ¶ 29.
 {¶ 9} Appellant argues that her trial counsel was ineffective for failing to request disclosure of the CI's identity and for failing to adequately rebut the measurement of distance from the drug sale to the school premises.
 {¶ 10} In assessing trial counsel's performance on the disclosure of the CI's identity, we are mindful of the fact that a request for the CI's identity does not necessarily result in an order of disclosure.
 {¶ 11} In discussing whether the identity of an informant must be revealed to a criminal defendant, the Ohio Supreme Court indicated that the question is whether the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges. State v. Williams (1983),4 Ohio St.3d 74, syllabus. The Williams court found that disclosure was not required where the transaction between defendant and informant was witnessed in its entirety by a police officer in close proximity to the event. Williams at 76.
 {¶ 12} Evidence regarding an informant was irrelevant in a case where the state presented direct evidence about the buy from another witness, and did not use the informant as a witness.State v. Love (July 18, 1994), Stark App. No. CA 9391.
 {¶ 13} Appellant argues that if the CI had been called as a witness, the CI would have verified appellant's version of the events in the restaurant parking lot. This court will not sustain an ineffective assistance of counsel claim based on pure speculation as to what a witness might have said at trial. Statev. Turner, Franklin App. No. 04AP-364, 2004-Ohio-6609, at ¶ 27.
 {¶ 14} Appellant states in her brief the "strong suspicion" that her female friend was the informant. This friend was subject to subpoena, and a court order to transport this individual from prison to trial was contained in the record. The record indicates, however, that the friend did not testify.
 {¶ 15} In general, the decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court. State v. Williams,99 Ohio St.3d 493, 2003-Ohio-4396, at ¶ 125-127 (decisions on evidence to present and witnesses to call are issues of trial strategy and are committed to counsel's professional judgment).
 {¶ 16} We find the decision not to request disclosure of and procure the testimony from the CI fell within the confines of sound trial strategy and did not constitute ineffective assistance of counsel.
 {¶ 17} Appellant next argues that trial counsel was ineffective for failing to rebut testimony concerning the distance from the drug sale to the nearby school premises.
 {¶ 18} The state offered testimony from two officers that they obtained a measurement of one-tenth of a mile or approximately 528 feet when they drove from the location of the sale in the restaurant parking lot to the school zone. Appellant tried unsuccessfully to enter into evidence an internet-generated map that listed the address of the restaurant and the address of the school, and indicated that one was more than 1,000 feet from the other.
 {¶ 19} If trial counsel had been successful in admitting the internet map into evidence, there is nothing in the record to indicate the basis for the map's measurements and how those measurements would correlate with the distance between the actual location of the drug sale and the school. See R.C. 2925.03 and R.C. 2925.01(P) (sale on school premises or within 1,000 feet of the boundaries of any school premises), and R.C. 2925.01(R).
 {¶ 20} Therefore, even were we to find that trial counsel was deficient in failing to successfully introduce the map, appellant has failed to show that there is a reasonable probability that but for her counsel's deficient performance, the outcome of her trial would have been different. In other words, appellant has not shown that the introduction of the map's measurements would have sufficiently contradicted the officers' testimony on the distance to the school. Appellant's second assignment of error is overruled.
 {¶ 21} Assignment of Error No. 1:
 {¶ 22} "The trial court erred to the prejudice of Defendant-Appellant when it refused to permit certain questions regarding the confidential informant."
 {¶ 23} Appellant argues that the informant's credibility is an issue in a drug transaction and it was error for the trial court to refuse to permit questions at trial regarding the CI's incentive to mislead police.
 {¶ 24} As we previously mentioned, the CI did not testify at trial, and further, no statements attributable to the CI were introduced into evidence. While the trial court sustained objections to many of appellant's questions about the CI's background, appellant was able to inform the jury in her cross-examination of the police officer that the CI used in the case had a criminal history.
 {¶ 25} We also note that the record indicates that appellant subpoenaed as a witness a female friend appellant believed was the CI. While this friend did not testify, appellant testified that her only encounter with the friend in the restaurant parking lot occurred when she gave her friend, who was a drug addict, some clothing.
 {¶ 26} We find that the trial court did not abuse its discretion in limiting the scope of cross-examination, given the fact that the CI was not a witness, and the undercover police officer was extensively cross-examined about his observations of the drug transaction. See State v. Brinkley,105 Ohio St.3d 231, 2005-Ohio-1507, at ¶ 109 (extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court); cf. State v. Love (July 18, 1994), Stark App. No. CA 9391 (evidence about a confidential informant irrelevant where state presented direct evidence about the buy from another witness, and did not use the confidential informant as a witness). Appellant's first assignment of error is overruled.
 {¶ 27} Assignment of Error No. 3:
 {¶ 28} "The trial court erred to the prejudice of Defendant-Appellant when it sentenced her to three years in prison."
 {¶ 29} Appellant argues that the trial court failed to articulate reasons for imposing more than the minimum prison term, and its findings for more than the minimum were not justified by the record.
 {¶ 30} When a court imposes a sentence for a felony on an offender who has not previously served a prison term, the court must impose the shortest prison term authorized for the offense unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B)(2). The trial court need not give its reasons for imposing more than the minimum authorized sentence. State v. Comer, 99 Ohio St.3d 464, 2003-Ohio-4165, at fn. 2.
 {¶ 31} The trial court found on the record at the sentencing hearing that imposing the shortest prison term would demean the seriousness of the offense and not adequately protect the public. R.C. 2929.14(B).
 {¶ 32} In addition, the trial court indicated on the record that it found appellant's conduct to be "very serious," in that trafficking "preys on people's weaknesses for profit." The trial court also found that appellant showed no remorse for her offenses. R.C. 2929.14(B)(2); R.C. 2929.13(C); R.C. 2929.11; R.C.2929.12; R.C. 2925.03(C)(1)(b); R.C. 2929.12(A) (trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing). We find that the record adequately supports the trial court's findings.
 {¶ 33} Appellant next argues that the trial court erred in finding that appellant's offense was committed as part of an organized criminal activity. See R.C. 2929.12(B)(7).
 {¶ 34} The trial court stated on the record that appellant's aggravated trafficking offense was committed as part of an organized criminal activity.[1] The term "organized criminal activity" is not defined in R.C. Chapter 2929, so courts must determine on a case-by-case basis whether an offense is part of an organized criminal activity. State v. Obregon (Aug. 25, 2000), Sandusky App. No. S-99-042.
 {¶ 35} R.C. Chapter 177, titled "Investigation and Prosecution of Organized Criminal Activity" defines "organized criminal activity" as any violation, combination of violations, or conspiracy to commit one or more violations of section 2925.03
* * * of the Revised Code. R.C. 177.01(E)(1); State v. Martinez
(Feb. 22, 2002), Wood App. No. WD-01-027.
 {¶ 36} "Drug trafficking by its very nature is part of an organized criminal activity in that the seller must obtain the drugs from a supplier and is only one link in a long chain of illegal activity." Id.; see, also, State v. Taylor, Madison App. No. CA2003-07-025, 2004-Ohio-3171, citing Martinez, at ¶ 12.
 {¶ 37} We note that appellant was convicted of aggravated trafficking under R.C. 2925.03 and permitting drug abuse under R.C. 2925.13. The trafficking offense was a felony of the fourth degree elevated to a felony of the third degree because a Schedule II drug was sold within 1,000 feet of the boundaries of a school premises. The record in the case at bar shows that appellant's conviction involved more than the sale of one oxycodone pill for cash, but the sale of 13 doses of the drug in the form of seven 10-milligram pills and six 20-milligram pills. See, e.g., State v. Eckliffe (Dec. 20, 2002), Lake App. No. 2001-L-104 (trial court should make findings that support conclusion that trafficker's involvement is greater than normal for someone engaged in street sale of illicit drugs).
 {¶ 38} While this case did not involve multiple drug sales, we cannot say that the trial court erred in finding the trafficking offense constituted organized criminal activity. Accordingly, we find by clear and convincing evidence that appellant's sentence was supported by the record and not contrary to law. Appellant's third assignment of error is overruled.
 {¶ 39} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] The Pre-Sentence Investigation ("PSI") report on appellant indicated that the offense was committed as part of an organized criminal activity.