OPINION
{¶ 1} Defendant-appellant, Roy Lee Fuller, appeals a decision of the Madison County Court of Common Pleas sentencing him to five years in prison after he was adjudged guilty of trafficking in crack cocaine. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} In early 2006, the Madison County Sheriff's Office and the Mount Sterling Police Department conducted an undercover drug operation. A confidential informant *Page 2 
working in connection with this operation purchased drugs from appellant on two separate occasions. On March 10, 2006, the informant purchased 11 tablets of Percocet and 1.10 grams of crack cocaine from appellant for $265. On March 24, 2006, the informant purchased 5.18 grams of crack cocaine from appellant for $650. A search warrant was obtained for appellant's home in Franklin County, and the search yielded a significant amount of crack cocaine and money.
 {¶ 3} On April 13, 2006, appellant was indicted on three counts of trafficking in drugs in violation of R.C. 2925.03(A)(1).[1] Two of the counts were fourth-degree felonies and one count was a third-degree felony. Appellant pled guilty to the third-degree felony count and agreed to forfeit the two vehicles he used in the drug transactions in exchange for dismissal of the other two counts. Following the filing of a presentence investigation (PSI) report with the court, a sentencing hearing was held and appellant was sentenced to five years in prison. Appellant timely appeals, raising four assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S OFFENSE WAS COMMITTED AS PART OF AN ORGANIZED CRIMINAL ACTIVITY."
 {¶ 6} Appellant challenges the trial court's conclusion that his offense was more serious than that normally engaged in because it was part of an organized criminal activity. See R.C. 2929.12(B)(7). Appellant urges that the trial court's generalized statement that he engaged in organized criminal activity was insufficient to support this seriousness factor and that the court was obligated to make specific findings to support the conclusion. *Page 3 
 {¶ 7} The term "organized criminal activity" is not defined in R.C. Chapter 2929. Consequently, courts must determine on a case-by-case basis whether an offense is part of an organized criminal activity.State v. Jones, Butler App. No. CA2004-06-144, 2005-Ohio-3887, ¶ 34. This court has previously noted that organized criminal activity is an inherent part of drug trafficking because "the seller must obtain the drugs from a supplier and is only one link in a long chain of illegal activity." Id. at ¶ 36, quoting State v. Martinez, Wood App. No. WD-01-027, 2002-Ohio-735, ¶ 59. See, also, State v. Taylor, Madison App. No. CA2003-07-025, 2004-Ohio-3171, ¶ 12. Thus, by virtue of his participation in trafficking in crack cocaine, appellant engaged in organized criminal activity.
 {¶ 8} In addition to the above, there was ample evidence in the record to support the conclusion that appellant engaged in organized criminal activity. According to the PSI report, which the trial court considered, appellant admitted that he had been selling drugs for three to four months prior to his arrest for the present offense. He stated that he would buy large quantities of cocaine at a "discount" price and sold drugs to support his own habit. A considerable amount of drugs and money was discovered in the search of his house, further indicating that he was involved in significant drug dealing. These facts indicate that the two drug deals conducted by appellant in the case at bar were not random or isolated instances, and support the trial court's organized criminal activity conclusion. State v. Coran, Clark App. No. Civ.A.2003-CA-80,2004-Ohio-6874, ¶ 19.
 {¶ 9} Appellant places great emphasis on the results of his polygraph examination, which he claims rebuts the conclusion that he was a "high-level drug dealer." In Ohio, the results of a polygraph examination are only admissible if there is a stipulation between the parties to that effect. In re D.S., 111 Ohio St.3d 361, 2006-Ohio-5851, ¶ 13. Even then, such results are only admissible for purposes of corroboration or impeachment. Id. Here, the parties did not stipulate to the admission of appellant's polygraph results. Therefore, the *Page 4 
results were not properly made part of the record and this court cannot consider them as evidence.
 {¶ 10} We conclude that appellant has failed to show that the trial court erred in determining that his offense was part of an organized criminal activity. Appellant's first assignment of error is overruled.
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY NOT PROPERLY CONSIDERING AND APPLYING THE STATUTORY SENTENCING FACTORS CONTAINED IN O.R.C. 2929.12."
 {¶ 13} Appellant argues that the trial court did not consider all of the relevant sentencing factors contained in R.C. 2929.12 and did not properly apply the factors it did consider to the facts of the case. Appellant restates his argument challenging the court's organized criminal activity conclusion as unsupported by the evidence. Appellant also asserts that the court failed to consider any other seriousness factors contained in R.C. 2929.12(B), improperly placed emphasis on appellant's criminal history and substance abuse problem, and failed to afford proper weight to appellant's remorse.
 {¶ 14} We have already determined that the trial court's organized criminal activity conclusion was supported by the evidence. Regarding appellant's other arguments, we find that the trial court properly considered and applied all relevant R.C. 2929.12 factors.
 {¶ 15} The factors contained in R.C. 2929.12 that the court omitted were not implicated by the facts of the case. "Nothing in R.C. 2929.12
suggests * * * that a sentencing court is to balance the applicable and inapplicable factors within a subsection. Rather, R.C. 2929.12 calls for the balancing of applicable criteria * * *" State v. Holsinger (Oct. 10, 2000), Franklin App. No. 00AP-216, 2000 WL 1483730, at *5. A trial court is under no duty to discuss each sentencing factor individually and state whether each factor is applicable to the *Page 5 
case. State v. Hughes, Wood App. No. WD-05-024, 2005-Ohio-6405, ¶ 10.
 {¶ 16} Appellant's sentence was supported by the trial court's relevant observations. As stated, the organized criminal activity conclusion was supported by facts in the record. See R.C. 2929.12(B)(7). As for the likelihood of recidivism, the court noted that there was a high risk of re-offense due to appellant's lengthy criminal history, that appellant had not responded favorably to sanctions previously imposed for criminal convictions, and that appellant had an ongoing substance abuse problem. See R.C. 2929.12(D)(2),(3),(4). The court acknowledged that appellant showed remorse for the offense. See R.C.2929.12(E)(5). In addition, the court observed that there were no mitigating factors. See R.C. 2929.12(C)(4). These factors, along with the trial court's consideration of the purposes and principles of sentencing in accordance with R.C. 2929.11, clearly supported the sentence imposed upon appellant.
 {¶ 17} Appellant insists that the trial court failed to recognize that he has lived a law-abiding life for a significant number of years prior to this offense. See R.C. 2929.12(E)(3). This contention is belied by appellant's admission to using drugs and selling drugs for a number of months prior to his arrest for the present offense. Further, the fact that appellant did not cause or expect to case physical harm to person or property in the commission of his offense, see R.C. 2929.12(C)(3), is not a sufficient basis to warrant a lesser sentence in light of the other serious and applicable factors.
 {¶ 18} We conclude that appellant has failed to establish that the trial court improperly applied the factors articulated in R.C. 2929.12. Appellant's second assignment of error is overruled.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT BASED UPON A FINDING OF FACTORS NOT FOUND BY A JURY OR ADMITTED BY THE *Page 6 
APPELLANT IN VIOLATION OF THE APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO TRIAL BY JURY."
 {¶ 21} Appellant contends that R.C. 2929.12 is unconstitutional in that it requires judges to make findings of fact which are neither found by a jury nor admitted by the accused, in violation of the accused's Sixth Amendment right to a jury trial. In particular, appellant contests the trial court's organized criminal activity conclusion and imposition of the maximum sentence for his offense.
 {¶ 22} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court ruled that certain Ohio sentencing laws are unconstitutional because they require a court to engage in judicial fact finding, thereby depriving the accused of the right to a jury trial. As a result of the Ohio Supreme Court's severance of the unconstitutional sentencing provisions, judicial fact finding prior to the imposition of a sentence within the basic ranges of R.C. 2929.14(A) is no longer required. Foster at paragraph two of the syllabus. See, also, State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.
 {¶ 23} The Foster court noted that R.C. 2929.12 only requires a trial court to consider the general guidance factors in R.C. 2929.12 in imposing sentence, rather than engage in judicial fact finding.Foster at ¶ 42. Appellant's argument is thus without merit as the Ohio Supreme Court determined R.C. 2929.12 to be constitutional. SeeState v. Kapsouris, Mahoning App. No. 06 MA 47, 2006-Ohio-7056, ¶ 23. In addition, we note that the trial court's observation of the organized criminal activity factor was one factor amongst many considered by the trial court in imposing the five-year prison sentence.
 {¶ 24} We conclude that the trial court did not err in considering the factors enumerated in R.C. 2929.12 when imposing appellant's sentence. Appellant's third assignment of error is overruled. *Page 7 
 {¶ 25} Assignment of Error No. 4:
 {¶ 26} "THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER BOTH THE STATE AND FEDERAL CONSTITUTIONS WHEN IT SENTENCED APPELLANT TO SERVE A MAXIMUM PRISON TERM."
 {¶ 27} Appellant criticizes the Foster court's severance remedy as unconstitutional. He asserts that his due process rights were violated by the Ohio Supreme Court's elimination of the statutory presumption in favor of minimum and concurrent sentences, and its elimination of the requirement that the trial court make findings prior to imposing a non-minimum or consecutive sentence. Appellant argues that the trial court's freedom to impose any sentence within the ranges provided for in R.C. 2929.14(A) violates his liberty interest in the sentencing elements and procedures set out in the statutes which were declared unconstitutional.
 {¶ 28} The record reveals that appellant failed to raise any constitutional objections to his sentence before the trial court, thus resulting in a waiver of the argument. State v. Pigot, Franklin App. No. 06AP-343, 2007-Ohio-141, ¶ 6; State v. Awan (1986), 22 Ohio St.3d 120, syllabus. See, also, State v. Doyle, Brown App. No. CA2005-11-020,2006-Ohio-5373, ¶ 50 (holding that the severance remedy inFoster does not violate a criminal defendant's due process rights);State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162, ¶ 25 (noting that, even before Foster, a criminal defendant could not anticipate a specific sentence because a judge could make findings to sentence him to any term within the range provided by R.C. 2929.14[A]); State v.Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899, ¶ 15 (referring toFoster and stating, "it is unlikely the Supreme Court of Ohio would direct inferior courts to violate the Constitution, and in any event, inferior courts are bound by Supreme Court of Ohio directives").
 {¶ 29} Appellant's fourth assignment of error is overruled. *Page 8 
 {¶ 30} Judgment affirmed.
BRESSLER, P.J., and POWELL, J., concur.
[1] Specifically, the indictment included one count of trafficking in crack cocaine in violation of R.C. 2925.03(A)(1) (sale of crack cocaine in an amount greater than one gram but less than five grams), a fourth-degree felony; one count of trafficking in drugs in violation of R.C. 2925.03(A)(1) (sale of Percocet), a fourth-degree felony; and one count of trafficking in crack cocaine in violation of R.C. 2925.03(A)(1) (sale of crack cocaine in an amount greater than five grams but less than ten grams), a third-degree felony. *Page 1