OPINION *Page 2 
{¶ 1} On November 30, 2007, the Licking County Grand Jury indicted appellant, Abubakarr Savage, on two counts of aggravated robbery with a firearm specification in violation of R.C. 2911.01, R.C. 2929.14, and R.C. 2941.145, and one count of trafficking in marijuana in violation of R.C. 2925.03. On May 21, 2008, appellant pled guilty to the two counts of aggravated robbery and the firearm specification. The trafficking count was dismissed. By judgment entry filed May 22, 2008, the trial court sentenced appellant to an aggregate term of thirteen years in prison.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE TRIAL COURT'S IMPOSITION OF SENTENCE WAS CONTRARY TO LAW DUE TO THE COURT'S LACK OF CONSIDERATION OF THE OVERRIDING PURPOSES AND FACTORS TO BE CONSIDERED IN FELONY SENTENCING."
 I {¶ 4} Appellant claims the trial court erred in sentencing him. Specifically, in his brief at 7, appellant claims the trial court "did not consider the overriding purposes of felony sentencing or the seriousness and recidivism factors as a totality before imposing sentencing." We disagree.
 {¶ 5} If a sentence is not contrary to law, and "assuming the trial court has complied with the applicable rules and statutes, the exercise of its discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion pursuant toFoster [State v., 109 Ohio St.3d 1, 2006-Ohio-856]." State v. *Page 3 Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 17. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 6} R.C. 2929.11 governs overriding purposes of felony sentencing. Subsection (A) and (B) state the following:
 {¶ 7} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 8} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 9} In exercising its discretion in sentencing, a trial court shall consider the factors relating to the seriousness of the conduct and the likelihood of recidivism, as well as "any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). Seriousness factors are set forth in R.C. 2929.12(B) and (C). More serious factors include the following in pertinent part: *Page 4 
 {¶ 10} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 11} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B).
 {¶ 12} Less serious factors include the following:
 {¶ 13} "(1) The victim induced or facilitated the offense.
 {¶ 14} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 15} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 16} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." R.C. 2929.12(C).
 {¶ 17} With respect to recidivism, factors that indicate a likelihood to reoffend include the following:
 {¶ 18} "[W]hether the defendant was already under the control of the court, whether there are previous adjudicated delinquencies or criminal convictions, whether the defendant has not responded favorably to previous sanctions or attempts at rehabilitation, whether the defendant refuses to acknowledge a drug or alcohol abuse problem or refuses treatment, and whether the defendant shows no `genuine remorse.'" Appellant's Brief at 9; R.C. 2929.12(D).
 {¶ 19} "A trial court is under no duty to discuss each sentencing factor individually and state whether each factor is applicable to the case. State v. Hughes, *Page 5 
Wood App. No. WD-05-024, 2005-Ohio-6405, ¶ 10." State v. Fuller, Madison App. No. CA2006-11-047, 2008-Ohio-20, ¶ 15.
 {¶ 20} Appellant robbed two individuals at gun point on two different dates. On November 16, 2007, appellant robbed a pizza delivery driver of $40.00 and a cell phone. On November 19, 2007, appellant robbed a woman and took her purse. In sentencing appellant to an aggregate term of thirteen years in prison, the trial court noted the following:
 {¶ 21} "You robbed two people at gunpoint, and based on my review of the case file, the presentence investigation and my recollection of Mr. Williams', your co-defendant's, trial, you know if there was a big peer in the group, it was you, and if there was anybody running the show, it was you. It was your apartment, your weapon; you called the shots. You were involved in both of the gunpoint robberies. No one else was involved in both. So, I don't buy the story that you were a pawn of other people or influenced by anybody. If anybody was doing the influencing, it would appear to me to have been you. You were the big kid there." T. at 21-22.
 {¶ 22} Defense counsel argued appellant "had no prior involvement with the criminal justice system." T. at 17. However, the prosecutor stated appellant "actually has a drug abuse conviction back in October of `03, so this wasn't his first involvement with law enforcement." T. at 20.
 {¶ 23} The trial court noted it sentenced the co-defendant, who was involved in only one of the robberies, to seven years in prison. T. at 22. The co-defendant was "tagged with a gun specification" since appellant had a firearm during the joint commission of one of the robberies. Subtracting the three year mandatory firearm *Page 6 
specification from the co-defendant's seven year sentence leaves four years on the underlying offense. Appellant was sentenced to five years on each robbery, well within the sentencing range for a first degree felony. R.C. 2929.14(A)(1) (three, four, five, six, seven, eight, nine, or ten years).
 {¶ 24} In its May 22, 2008 judgment entry on sentencing, the trial court stated it "considered the record, oral statements, and the Presentence Investigation prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12," and "[a]fter consideration of the factors under Ohio Revised Code Sections 2929.12 and 2929.13(B), the Court also finds that prison is mandatory."
 {¶ 25} Upon review, we find the sentence was not contrary to law, and the trial court did not abuse its discretion in sentencing appellant to an aggregate term of thirteen years in prison.
 {¶ 26} The sole assignment of error is denied. *Page 7 
 {¶ 27} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, P.J., Gwin, J., and Hoffman, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant. *Page 1