[Cite as *State v. Lyles*, 2012-Ohio-3362.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No.   97524

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# TRAVEN LYLES

DEFENDANT-APPELLANT

# JUDGMENT:
# AFFIRMED IN PART
# AND REVERSED IN PART

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-553239

**BEFORE:**   E. Gallagher, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   July 26, 2012

**ATTORNEY FOR APPELLANT**

Erin R. Flanagan
Erin R. Flanagan, Esq., Ltd.
75 Public Square
Suite 920
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Mary H. McGrath
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Traven Lyles appeals from his sentence received in the Cuyahoga County Court of Common Pleas. Lyles argues the trial court erred in its interpretation of "organized criminal activity" as contained in R.C. 2929.13(B)(2)(e), and in using sentencing factors to increase his statutory maximum penalty. For the following reasons, we affirm, in part, and reverse, in part, the decision of the trial court.

{¶2} On August 11, 2011, the Cuyahoga County Grand Jury indicted Lyles on two counts of drug trafficking, both felonies of the fifth degree; one count of drug possession, a felony of the fifth degree; one count of possession of criminal tools, a felony of the fifth degree; and one count of resisting arrest, a misdemeanor of the second degree. Each felony count contained a forfeiture specification detailing the $80 recovered at the time of Lyles's arrest. On August 31, 2011, Lyles pleaded guilty to trafficking with the forfeiture specification and resisting arrest as charged in Counts 1 and 5 of the indictment. The trial court dismissed the remaining three charges.

{¶3} On October 6, 2011, the court conducted Lyles's sentencing hearing. During the hearing, the trial court referenced the newly enacted Ohio House Bill 86, which included changes to Ohio's sentencing statutes. In particular, the court recited the revamped purpose of Ohio's sentencing law as "punish[ing] the offender and protect[ing] the public from future crime by the offender and others, using the minimum sanctions that the court determines accomplishes the purposes without imposing an

unnecessary burden on state and local government resources." The trial court then considered the list of nine R.C. 2929.12(B) factors that indicate that the offender's conduct is more serious than conduct normally constituting the offense. The court determined that R.C. 2929.12(B)(7) applied because it found that Lyles committed this offense as part of an organized criminal activity.

{¶4} The court then conducted the balancing analysis required under R.C. 2929.12(D) and (E) whereby the court looks at the factors indicating whether the offender is likely or not likely to commit future crimes. Under R.C. 2929.12(D), the court noted that two factors indicating a likelihood of recidivism existed: (D)(1) that Lyles committed this offense while on postrelease control and (D)(2) that Lyles had juvenile adjudications, prior convictions that resulted in prison sentences and violations of previously imposed community control sanctions. In accordance with R.C. 2929.12(E), the trial court determined one specific factor demonstrating that Lyles was unlikely to reoffend: (E)(5) he admitted his involvement in the crime. Additionally, the court acknowledged that Lyles tested negative for drugs, that he was interested in acquiring his GED, that he had an employment history and that he supported his three children.

{¶5} Lastly, the trial court found that the required imposition of community control sanctions for fifth-degree felonies as outlined in R.C. 2929.13(B)(1) did not apply because it found that Lyles committed the offense as part of an organized criminal activity. R.C. 2929.13(B)(2)(e). Nonetheless, the trial court determined that Lyles was

eligible for Cuyahoga County's local residential sanction pursuant to R.C. 2929.16(A)(2) and sentenced him to three months in the county jail on Count One. As to Count 5, the second-degree misdemeanor, the court sentenced Lyles to 90 days in the county jail, to run concurrent to the three-month sentence.

{¶6} It is from this sentence that Lyles appeals, raising the two assigned errors contained in the appendix to this opinion.

{¶7} In his first assignment of error, Lyles argues the trial court erred in finding that he committed a trafficking offense as part of "organized criminal activity." In his second assigned error, Lyles claims the trial court erred in using a sentencing factor unsupported by the underlying indictment and guilty plea to increase his statutory maximum penalty.[1] Because these two assignments of error involve the same facts and standard of review, they will be addressed contemporaneously.

{¶8} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 7. Specifically, R.C. 2953.08(G)(2) provides the following regarding an appellate court's review of a sentence on appeal:

> The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence

---

[1]Lyles's appeal focuses solely on his sentence for his felony offense of trafficking. Lyles does not raise any error with the trial court's sentence on his misdemeanor conviction. As such, we shall limit our discussion on appeal to Lyles's sentence for trafficking, a fifth-degree felony.

that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶9} Additionally, a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." R.C. 2929.11(A). The sentence imposed shall also "be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶10} As noted above, the General Assembly, through the enactment of Am.Sub.H.B. No. 86, recently amended Ohio's sentencing statutes. Because Am.Sub.H.B. No. 86 took effect on September 30, 2011 and the trial court sentenced Lyles on October 6, 2011, the trial court was required to sentence Lyles under the new provisions. Pertinent to this appeal, the revisions under Am.Sub.H.B. No. 86 now instruct the trial court to sentence the offender to a community control sanction for fourth

and fifth degree felonies if certain factors apply. *See* R.C. 2929.13(B)(1). However, if the court determines that any one of the nine factors provided under R.C. 2929.13(B)(2)(a)-(i) apply, and after considering the factors set forth in R.C. 2929.11 and 2929.12, the trial court finds the offender not amenable to an available community control sanction, the court shall impose a prison term upon the offender. The trial court made such a conclusion in the present case and sentenced Lyles to three months in the county jail.

{¶11} Lyles argues the trial court erred in applying the term "organized criminal activity" to the facts of his case, and that the trial court erred in using that factor to increase Lyles's statutory maximum penalty. We partially agree with Lyles's arguments.

{¶12} Primarily, in claiming the trial court erred in its interpretation of "organized criminal activity," Lyles transfers a statutory definition found in R.C. 177.01 to Title 29. However, there is no basis for the application of a definition found in the creation of a legislative commission to the criminal code. *State v. Young*, 62 Ohio St.2d 370, 406 N.E.2d 499 (1980).

{¶13} Additionally, while the term "organized criminal activity" is not defined in R.C. Chapter 2929, Ohio courts have applied a case-by-case analysis to determine whether an offense is part of an organized criminal activity. *See State v. Fuller*, 12th Dist. No. CA2006-11-047, 2008-Ohio-20, ¶ 20. However, in performing this case-by-case analysis, this court is mindful of the fact that the absence of a definition of

"organized criminal activity" is to be construed against the State, not the defendant.

{¶14} In *Fuller*, the 12th District noted that organized criminal activity is an inherent part of drug trafficking because "the seller must obtain the drugs from a supplier and is only one link in a long chain of illegal activity." *Id.*, quoting *State v. Martinez*, 6th Dist. No. WD-01-027, 2002-Ohio-735, ¶ 59. Thus, the *Fuller* court held, "by virtue of his participation in trafficking in crack cocaine, appellant engaged in organized criminal activity." *Id.* However, in *Fuller*, there was ample evidence in the record to support the conclusion that appellant engaged in organized criminal activity. Fuller admitted that he had been selling drugs for three to four months prior to his arrest; that he bought large quantities of cocaine at a discount price and sold drugs to support his own habit; and that officers discovered a considerable amount of drugs and money during the search of his house. *Id.* The *Fuller* court construed those facts to mean that the two drug deals conducted by Fuller in the case were not random or isolated instances and supported the trial court's organized criminal activity conclusion.

{¶15} We do not have ample evidence of organized criminal activity in the present case. During the colloquy with Lyles prior to sentencing, the court asked Lyles, "why were you selling drugs on this particular day?" Lyles admitted that he sold drugs on that day because his legitimate work had gotten slow, that he needed to pay some bills, and that it was a stupid mistake. It appears, at least from the facts gleaned from the transcript, that the trafficking offense to which Lyles pleaded guilty was isolated and random. Accordingly, we find that the trial court erred in concluding that Lyles

committed this crime as part of organized criminal activity.

{¶16}   Nonetheless, we find that the court had other statutory grounds for imposing a prison sentence.

{¶17}   R.C. 2929.13(B)(1) does provide an offender with the presumption of a community control sanction for fourth- and fifth-degree felonies.   However, if the court makes certain findings, as is the case here, the trial court may sentence the offender to prison.   *See* R.C. 2929.13(B)(3)(a).   Although we find the trial court's use of the organized criminal activity factor to be erroneous, that is just one of nine factors that a court may consider to impose a prison term upon the offender.   The trial court also determined that Lyles committed the instant offense while on postrelease control, which is listed as another factor that can be considered by a trial court to overcome the presumption of a community control sanction.   *See* R.C. 2929.13(B)(2)(h).

{¶18}   Thus, the trial court followed the statutory mandates and made the required findings on the record.   Additionally, in this appeal, Lyle does not find error with the thoroughness of the trial court's fact finding, nor its compliance with Ohio's revised sentencing statutes.   Lyle erroneously argues that the court's fact finding was impermissibly used to increase Lyles's statutory maximum penalty.

{¶19}   As stated above, while R.C. 2929.13(B)(1) provides a presumption of community control, the statute does provide trial courts with the ability to sentence an offender to prison for fourth and fifth degree felonies.   *See* R.C. 2929.13(B)(3)(a). R.C. 2929.14(A)(5) provides that the prison term for a fifth-degree felony, as applicable

here, ranges from six months to one year in prison. Additionally, R.C. 2929.16(A)(2), which sets out local incarceration sanctions, provides the trial court with the authority to sentence an offender for up to six months in the local jail.

{¶20} Here, the trial court sentenced Lyles to three months in the county jail for trafficking, a fifth degree felony. That sentence was well within the statutory range outlined in R.C. 2929.14(A)(2) and was beneath the maximum anticipated by R.C. 2929.16(A)(2). In either case, the trial court did not sentence Lyles in excess of the statutory maximum penalties. As such, this argument is misplaced.

{¶21} Based on the foregoing, we sustain, in part, and overrule, in part, Lyles's first and second assignments of error.

{¶22} Lyles's imposed sentence is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR


**Appendix**

**Assignments of Error:**

**"I.    The sentencing court erred in its definition of statutory 'organized criminal activity' to include a buy-bust operation limited to the involvement of a confidential informant and a single defendant.**

**II.    The sentencing court violated Appellant's Sixth and Fourteenth Amendment rights when it found 'organized criminal activity' unsupported by either the indictment or Appellant's guilty plea."**